# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERRY'S MAJESTIC MARINE, INC.,**
as successor corporation to
**KUNES MAJESTIC MARINE, INC.,**

                    **Plaintiff,**

    v.                                                      Case No. 10-C-405

**HENRY GENS,**
**IRENE GENS, and**
**TIMOTHY GENS,**

                    **Defendants.**

**TIMOTHY GENS,**
**IRENE GENS, and**
**THE ESTATE OF**
**HENRY GENS,**

                    **Counter-Plaintiffs and**
                    **Third-Party Plaintiffs,**

vs.

**JERRY'S MAJESTIC MARINE, INC.,**

                    **Counterclaim-Defendant,**
and

**KUNES MAJESTIC MARINE, INC.,**
**BRADEN OLSON DRAPER LLP, and**
**DOES 1-10**

                    **Third-Party Defendants.**

# DECISION AND ORDER

Plaintiff Jerry's Majestic Marine, Inc., ("Jerry's"), as the successor corporation to Kunes Majestic Marine, Inc. ("Kunes"), commenced this matter as a small claims action in the Walworth County Circuit Court, in Walworth County, Wisconsin. Jerry's sued to recover $5,628.00 for repairs Kunes made to a boat owned by Defendants Henry Gens ("Henry")[1] and Irene ("Irene") Gens. Kunes made the repairs pursuant to an agreement with Defendant Timothy Gens ("Timothy G."), Irene and Henry's son. Irene, Timothy, and the Estate of Henry Gens (the "Removing Parties") filed a notice of removal. The Removing Parties allege that, based on the "Cross-Complaint" that they filed in state court, this Court has subject matter jurisdiction under 28 U.S.C. § 1331, which affords district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States."

The matter comes before the Court on two motions to remand, or alternatively, to dismiss and strike specific paragraphs in the "Cross-Complaint;" two motions for enlargement of time to answer or otherwise plead pursuant to Rule 6(b) of the Federal Rules of Civil Procedure; and, a motion to strike Jerry's reply. Before addressing the pending motions, the Court begins by noting that analysis of the motions for remand or dismissal involves discussion of the Removing Parties' pleading that they have titled as a "Cross-Complaint." However, the pleading is not a cross-complaint as that term is used in the state,

---

[1] The Court has departed from its usual practice of referring to an individual by surname, because the Defendants have the same surname. Therefore, to avoid confusion, the Court has referred to each member of the Gens family by his or her given name. No lack of respect on the part of the Court is intended.

as well as the federal, procedural rules.[2] A cross-claim is a claim filed against a co-party; e.g., by a co-defendant against a co-defendant. *See* Wis. Stat. § 802.07(3). *See also,* Fed. R. Civ. P. 13(g). As to Jerry's – the Removing Parties' pleading is against an opposing party, not a co-party; therefore, it is properly characterized as a counter-claim. *See* Wis. Stat. § 802.07(1). *See also* Fed. R. Civ. P. 13(a)-(c).

However, as to all claims that the Removing Parties' pleading makes against Braden, Kunes, and the Doe Defendants, who are not parties to the original action – the pleading is a third-party complaint. *See* Wis. Stat. § 803.05(1); § 802.01(a). *See also* Fed. R. Civ. P. 14(a)(1). The Court has amended the caption to reflect the proper designation of the parties. However, it suggests that the Removing Defendants file amended papers setting forth their claims against all such parties in manner that is consistent with the applicable rules of civil procedure.

*Motion to Strike*

The Removing Parties filed a motion to strike Jerry's and Braden's reply brief, filed on June 25, 2010, asserting the brief was tardy and is not limited to matters in reply. Jerry's and Braden counter that the motion was filed on time, the motion to strike violates General Local Rule 83(f) which states that "[a] party should not file a motion seeking sanctions for violations of a Local Rule unless the alleged violation is egregious or unfairly

---

[2]"Once in federal court, of course, federal procedural rules govern." *In re Copper Antitrust Litig.*, 436 F.3d 782, 801 (7th Cir. 2006) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). However, the Federal Rules make clear that they do not apply to filings in state court, even if the case is later removed to federal court. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) (citing Fed.R.Civ.P. 81(c), the Federal Rules govern in removal cases only "after removal").

3

prejudicial," and the reply brief and affidavits respond only to the Removing Parties' arguments.

The motion to strike does not even arguably raise violations that are egregious or unfairly prejudicial. Even if the reply submissions were late, they would – even by the Removing Parties' calculation – be one day late. Additionally, so long as it is not overused or abused, the remedy for new arguments is a request for leave to file a sur-reply. The claimed Local Rule violations are not the type of violation that is appropriate for the rare use of a motion seeking sanctions. *See* Committee Comment to Gen. Rule L.R. 83(f).

However, the motion must be resolved. The parties agree that, under Civil Local Rule 7(c) of the Eastern District of Wisconsin, a reply brief must be filed within 14 days from the service of the response memorandum. However, they disagree on how to calculate the deadline. The Local Rules of this District do not address the computation of time, and there is no reason for them to do so since the subject is ably covered by the federal procedural rules. *See* Fed. R. Civ. P. 83(a)(1)("A local rule must be consistent with – but not duplicate – federal statutes and rules.")

As pertinent to this civil action, computation of time is done according to Rule 6(a) of the Federal Rules of Civil Procedure, as amended effective on December 1, 2009. Rule 6(a) provides that the day of the event that triggers the period is excluded; every day is counted, including intermediate Saturdays, Sundays, and legal holidays; and, the last day of the period is included, but if it is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a).

4

Rule 6(d) also provides that when service is made by various means, including electronic filing as was used to effect service of the response brief, "three days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d).

As the rules for computation of time are applied in this case, the response brief was filed on June 7, 2010, and the 14-day period began to run on June 8, 2010. Adding 14 days to June 8, 2010, advances the date to June 22, 2010. Adding three days for service means that the deadline for filing the reply brief was June 25, 2010. Since the Removing Parties filed their reply brief on June 25, 2010, the brief was filed on time. Furthermore, the reply brief responded to arguments made by the Removing Parties in their response brief. Therefore, the motion to strike is denied.

*Remand/ Dismissal Motions*

Jerry's and Braden Olson Draper, LLP, ("Braden"), appearing specially to challenge the Court's jurisdiction, request that this matter be remanded to state court or, in the alternative, be dismissed, with specific paragraphs in the "Cross-Complaint" stricken. With respect to their request for remand, Jerry's and Braden maintain that (1) the notice of removal was untimely; (2) the Removing Parties failed to file complete and accurate copies of all state court filings with this Court and, therefore, they have not met the requirements of 28 U.S.C. § 1446(a) for proper notice; and, (3) the Court lacks subject matter jurisdiction over this matter.

In seeking dismissal of the action under Federal Rule of Civil Procedure 12(b)(1), Jerry and Braden rely on the lack of subject matter jurisdiction. They also assert that

5

the matter should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction because (4) Braden was not properly served with the "Summons of Cross-Complaint" and the Cross-Complaint; (5) and, the "Summons of Cross-Complaint" is defective. In addition, they assert that (6) Irene and Henry's claims against them are barred by *res judicata* based on the state circuit court's entry of default judgment in the small claims action against them; and, (7) paragraph 14 of the "Cross-Complaint" and the allegations based on that paragraph are frivolous and should be stricken under Rule 12(f).

*Subject Matter Jurisdiction*

The removal statute states, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The party seeking removal has the burden of establishing jurisdiction of the district court. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

"A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [this circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). However, if

6

the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well-established that only when a well-pleaded complaint contains a federal element is a case within the federal-question jurisdiction. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8 (1983). *See also*, *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001) (stating " the 'well-pleaded complaint' rule that every first-year law student learns was established in *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908). Under that rule, federal courts may look only to the well-pleaded complaint, and not to any possible or anticipated defenses, to determine if the case arises under federal law.")

Assuming a plaintiff has properly pled its case, the federal question must be apparent from the face of the complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).[3] Under that rule, a federal court has subject matter jurisdiction only if "the suit – as the plaintiff framed or easily could have framed it in the complaint – would have been within the district court's original jurisdiction at the time of the removal." *Fed. Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986) (citing *Franchise Tax Bd.*, 463 U.S. at 1). However, the Court must not assert jurisdiction, "when the only federal question posed is raised by a defense argument, even if the plaintiff anticipated the defense argument and even

---

[3] The well-pleaded complaint rule is limited by the "complete preemption" doctrine in which "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). That contention is not raised in this case.

7

if both parties concede the federal question is the only real issue in the case." *Allied-Signal*, 985 F.2d at 911. *See also*, *Elefant*, 790 F.2d at 667 (stating that even subsequent filing of a federal counterclaim does not confer federal jurisdiction); *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995); *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Thus, a defendant cannot create a federal question by asserting an issue of federal law in a pleading or removal petition. *Caterpillar Inc.*, 482 U.S. at 393. Stated somewhat differently, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 810 n.6 (1986).

In determining whether an action was properly removed to federal court, the Court examines the plaintiff's complaint as it existed at the time the defendants filed their notice of removal. *See Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992). As succinctly stated by the Supreme Court, "[a] case arises under federal law within the meaning of § 1331 only when the claim for relief depends in some way on federal law, 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Vorhees*, 272 F.3d at 402 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). In the specific context of removal, this means that a defendant cannot remove a case arising under state law solely on the basis of a defense, counterclaim, or third-party complaint arising under federal law.

Jerry's complaint for a breach of contract against Irene, Henry, and Timothy does not depend on federal law, so the removal under § 1331 was improper. Jerry's claims do not arise under the Constitution or a law or treaty of the United States. The complete

preemption doctrine does not apply. The Removing Parties have not established that this Court has subject matter jurisdiction over this action under federal question statute. Therefore, Jerry's and Braden's motion for remand is granted because this Court lacks subject matter jurisdiction. This action is remanded to the Walworth County Circuit Court, Walworth, Wisconsin, and the issues raised by the alternative motions to dismiss, and the motions to enlarge time to plead are reserved for resolution by the state court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Removing Parties' motion to strike (Docket No. 18) is **DENIED.**

Jerry's and Braden's motions for remand and, in the alternative, to dismiss (Docket Nos. 4 & 5) are **GRANTED** to the extent that this matter is **REMANDED** to the Circuit Court for Walworth County, Wisconsin because this Court lacks subject matter jurisdiction over this action. The issues raised by Jerry's and Braden's alternative motions to dismiss, and their motions to enlarge time to plead are reserved for resolution by the state court.

Dated at Milwaukee, Wisconsin this 20th day of July, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**