## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**JERRY'S MAJESTIC MARINE, INC.,**
as successor corporation to
**KUNES MAJESTIC MARINE, INC.,**

                **Plaintiff,**

    v.                                                      Case No. 10-C-405

**HENRY GENS,**
**IRENE GENS, and**
**TIMOTHY GENS,**

                **Defendants.**

---

**TIMOTHY GENS,**
**IRENE GENS, and**
**THE ESTATE OF**
**HENRY GENS,**

                **Counter-Plaintiffs and**
                **Third-Party Plaintiffs,**

vs.

**JERRY'S MAJESTIC MARINE, INC.,**

                **Counterclaim-Defendant,**
and

**KUNES MAJESTIC MARINE, INC.,**
**BRADEN OLSON DRAPER LLP, and**
**DOES 1-10**

                **Third-Party Defendants.**

**DECISION AND ORDER**

By a motion for reconsideration Defendants Irene ("Irene G.") Gens and Timothy Gens ("Timothy G."), and the Estate of Henry Gens (the "Removing Parties") seek reconsideration of the Court's July 20, 2010, Decision and Order, which denied their motion to strike Plaintiff Jerry Majestic Marine's (Jerry's) reply brief and granted Jerry's motion for remand.

In part, the Court denied the Removing Defendants' motion to strike Jerry's reply brief because it found that Jerry's brief was filed on time. The Removing Defendants are correct that the Court erred in its calculation because it mistakenly excluded June 8, 2010 – the date on which the time period began to run. Adding 14 days to June 8, 2010, advances the date to **June 21, 2010.** Adding three days for service means that the deadline for filing the reply brief was June 24, 2010. Since the Removing Parties filed their reply brief on June 25, 2010, the brief was filed a day late.

However, as noted in the prior Court's decision, the reply brief responded to arguments made by the Removing Parties in their response brief. Moreover, the Court previously noted that:

> The motion to strike does not even arguably raise violations that are egregious or unfairly prejudicial. Even if the reply submissions were late, they would – even by the Removing Parties' calculation – be one day late. Additionally, so long as it is not overused or abused, the remedy for new arguments is a request for leave to file a sur-reply. The claimed Local Rule violations are not the type of violation that is appropriate for the

> rare use of a motion seeking sanctions. *See* Committee Comment to Gen. Rule L.R. 83(f).

The Removing Parties are correct about the error in calculation. However, they have not provided a basis for the Court to change its disposition of the motion to strike. While parties should file their briefs in a timely manner, the one-day delay by Jerry's does not warrant striking the brief.

The Removing Parties also argue that the Court erred in concluding that Jerry's Complaint for breach of contract did not arise under federal law. The Removing Parties assert that the Defendants present valid causes of action under 42 U.S.C. § 1983 because they are challenging the constitutionality of Wisconsin Statute § 779.43(4)(a), and the constitutionality of a Wisconsin Statute which they assert allows service of a small claims complaint by mail to a defendant's "residence." The Removing Parties also refer to warnings included on the letter attached to the Complaint as exhibit B which they indicate are required under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692. Accepting the statement as true, any cause of action under the FDCPA would be that of the Defendants, not Jerry's.

"Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, ___ U.S. ___ , 129 S.Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *TCF v. Wolf*, No. 10-cv-01155-PAB, 2010 WL 2649944, at *2-*3 (D. Colo. June 29, 2010). Federal jurisdiction may not rest upon an actual or anticipated counterclaim. *Vaden*, 129 S.Ct. at 1272-73. *See also Holmes Group, Inc. v. Vornado Air Circulation Sys. Inc.*, 535 U.S. 826,

3

831-32 (2002); *Crown Asset Mgmt. LLC v. Doyle*, No. 10-CV-87, 2010 WL 1050243, *1 (E.D.Wis. Mar 18, 2010); *TCF*, 2010 WL 2649944, at *3.

Jerry's complaint for a breach of contract against Irene, Henry, and Timothy does not depend on federal law, so the removal under § 1331 was improper. Jerry's claims do not arise under the Constitution or a law or treaty of the United States. The Removing Parties have failed to meet their burden of establishing that this Court has federal question jurisdiction over this action. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Therefore, the Removing Parties' motion for reconsideration is granted as to the calculation of time and denied in all other respects.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Removing Parties' motion for reconsideration is **GRANTED** to the extent that the second and third sentence of the Court's July 20, 2010, Decision and Order are corrected to read:

> Adding 14 days to June 8, 2010, advances the date to **June 21, 2010.** Adding three days for service means that the deadline for filing the reply brief was June 24, 2010. Since the Removing Parties filed their reply brief on June 24, 2010, the brief was filed a day late.

In all other respects, the motion for reconsideration is **DENIED**.

This matter is **REMANDED** to the Circuit Court for Walworth County, Wisconsin because this Court lacks subject matter jurisdiction over this action.

Dated at Milwaukee, Wisconsin this 4th day of October, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**